IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TOMMY HALL                                                                                           PLAINTIFF

        v.                              Civil No.4:11-cv-04055

PROSECUTING ATTORNEY
CARLTON JONES; KATE
CARTER, Prosecuting Attorney;
J. SAVAGE, Seizing Officer;
STATE OF ARKANSAS; and
GENE SMITH, Director, State
Drug Director's Office                                                                            DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Tommy Hall, is currently incarcerated in the Arkansas Department of Correction, Maximum Security Unit, Tucker, Arkansas. He filed this civil rights action pursuant to the provisions of 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Harry F. Barnes, United States District Judge, referred this case to me for the purpose of making a report and recommendation.

The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### 1. Background

According to the allegations of the complaint and amended complaint (ECF Nos. 1 & 8), On February 27, 2004, the sum of $5,093 was seized during a traffic stop. ECF No. 1 at pg. 4. An in rem civil forfeiture case was initiated CV-2004-77-3. *Id.* Plaintiff was served with notice of the

civil forfeiture proceeding in March of 2004 and Plaintiff alleges he filed a timely response in the case together with supporting documentation. *Id.*

On August 24, 2005, CV-2004-77-3, was dismissed upon motion of the State. ECF No. 1 at pg. 4. That same day the forfeiture proceeding was refiled as CV-2005-310-1. *Id.* Plaintiff maintains he was unaware of the dismissal of CV-2004-77-3. *Id.* Plaintiff was served with the summons and complaint in CV-2005-310-1 on August 24, 2005, during a revocation hearing. *Id.* at pg. 4 and pg. 6. However, Plaintiff states he was not informed this was a refiling of the first civil forfeiture proceeding. *Id.* He asserts "nothing was different to give [him] the notion that the last response was void." *Id.*

Because he did not realize there had been a dismissal and refiling of the case, Plaintiff alleges he did not respond to the petition. ECF No.1 at pg. 5. On March 29, 2006, a default judgment was entered. *Id.* at pgs. 5 & 13-14. On August 9, 2006, an amended order of forfeiture was entered. *Id.* at pgs. 5 & 12.

In 2008, Plaintiff states he found out about the dismissal and refiling and filed a motion for return of seized property. ECF No. 1 at pg. 5. However, because he could not "purchase" the documents needed to appeal and the circuit court refused to approve him as an indigent, the case was at a standstill. *Id.* On October 23, 2008, he filed a petition for a writ of mandamus. *Id.* at pgs. 18-19.

Plaintiff alleges his Due Process rights were violated by his lack of notice. ECF No. 8 at pg. 6. He also maintains state statutory procedures were not correctly followed. *Id.*

**2. Discussion**

This case is subject to dismissal as the claims are barred by the statute of limitations. Section 1983 does not contain its own statute of limitation. Instead, causes of action under § 1983 are governed by "the most appropriate or analogous state statute of limitations." *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987)(§ 1981 case); *see also Wilson v. Garcia*, 471 U.S. 261, 268 (1985)(§

1983 case); *Bell v. Fowler*, 99 F.3d 262, 265-266 (8th Cir. 1996)(§ 1985 case).  In Arkansas, this is the three year personal injury statute of limitations, Ark. Code Ann. 16-56-105(3).  *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001)(Ark. Code Ann. § 16-56-105(3) is the statute of limitations applicable to § 1983 cases).

Plaintiff was personally served with the summons and forfeiture complaint on August 24, 2005.  ECF No. 1 at pgs. 6-7.  The summons and complaint are clearly marked with the case number, CV-2005-310-1.  *Id.*  He was advised in writing that he had to file an answer with the Miller County Circuit Court Clerk within twenty days.  *Id.* at pg. 6.  The default judgment was entered on March 29, 2006. *Id.* at pgs. 13-14.  The amended order of forfeiture was entered on August 11, 2006.  *Id.* at pg. 12.  Thus, any claims based on events that occurred in 2005 and 2006, would be barred by the statute of limitations.

### 3.  Conclusion

For the reasons stated, I recommend that this case be dismissed with prejudice as the claims are barred by the statute of limitations.  The dismissal of this case will constitute a strike under 28 U.S.C. § 1915(g).  The Clerk should therefore be directed to place a § 1915(g) strike flag on the case.

**Plaintiff has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of September 2011.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE